```
 1              IN THE DISTRICT COURT OF THE UNITED STATES
                FOR THE NORTHERN DISTRICT OF OHIO
 2                         EASTERN DIVISION

 3
       UNITED STATES OF AMERICA,      )
 4                                     )
                      Plaintiff,       )   Judge Polster
 5                                     )   Cleveland, Ohio
            vs.                        )
 6                                     )
       ERNEST F. MCCLAIN,              )   Number 1:12CR62
 7                                     )
                      Defendant.       )
 8
                               - - - - -
 9

10              TRANSCRIPT OF PROCEEDINGS HAD BEFORE

11              THE HONORABLE DAN AARON POLSTER

12                     JUDGE OF SAID COURT,

13              ON THURSDAY, SEPTEMBER 13, 2012
                               - - - - -
14     APPEARANCES:

15     For the Government:          MICHAEL A. SULLIVAN,
                                    Assistant U.S. Attorney
16                                  801 West Superior Avenue
                                    Cleveland, OH 44113
17                                  (216) 622-3600

18     For the Defendant:          WILLIAM T. MCGINTY, ESQ.,
                                    McGinty, Hilow & Spellacy
19                                  1300 Rockefeller Building
                                    614 Superior Ave., W.
20                                  Cleveland, OH 44113
                                    (216) 344-9200
21
       Official Court Reporter:    Shirle M. Perkins, RDR, CRR
22                                  U.S. District Court
                                    801 West Superior, #7-189
23                                  Cleveland, OH 44113-1829
                                    (216) 357-7106
24

25     Proceedings recorded by mechanical stenography; transcript
       produced by computer-aided transcription.
```

```
 1        THURSDAY SESSION, SEPTEMBER 13, 2012, AT 12:25 P.M.

 2              THE COURT:  We're here on Case 1:12CR62,

 3     United States versus Ernest F. McClain.  Mr. McClain is here

 4     with his attorney, Mr. McGinty, and we've got Mr. Sullivan

 5     for the Government.

 6          We're here for pretrial/change of plea deadline.

 7     Mr. McClain requested the Probation Department prepare a

 8     presentence investigation report for criminal history, which

 9     they've done, and I've received and reviewed it.  I take it

10     both counsel received a copy.

11          It shows that Mr. McClain has 11 criminal history

12     points, which would put him in Category 5.

13          And it's my understanding that, Mr. McGinty, your

14     client is prepared to withdraw his previously entered plea

15     of not guilty and to enter a guilty plea to the indictment,

16     and that there is no plea agreement.  Is that correct?

17              MR. McGINTY:  That's correct, your Honor.

18              THE COURT:  All right.

19          Mr. McClain, you have a very experienced lawyer.  I'm

20     quite confident that Mr. McGinty has explained to you

21     everything I'm about to cover.  But, the law requires that

22     before I can accept your guilty plea, I must have a

23     conversation with you to establish a few things:  First,

24     that you are competent to enter a guilty plea; second, that

25     you've come to this decision knowingly and voluntarily.  I
```

1    want to make sure you understand all the rights you have and

2    the rights you're giving up by pleading guilty.

3        I want to make sure you have a good understanding of

4    how your sentence will be determined.  I've got to make sure

12:44:18 5    there's a factual basis.  You will have to admit to conduct

6    which tells me you're guilty of this crime and, of course, I

7    have to do it on the record with our Court Reporter here so

8    any reviewing court can see what I've done.

9        You understand that, sir?

12:44:33 10                 THE DEFENDANT:  Yes.

11                 THE COURT:  And I need to place you under

12    oath.  So if you can raise your right hand, sir.

13        (Defendant sworn.)

14                 THE COURT:  Okay.  Mr. McClain, how old are

12:44:48 15    you, please?

16                 THE DEFENDANT:  27.

17                 THE COURT:  And how far did you go in school?

18                 THE DEFENDANT:  Ninth grade.

19                 THE COURT:  I take it you don't have any

12:44:58 20    difficulty reading or understanding English?

21                 THE DEFENDANT:  No.

22                 THE COURT:  In the last 12 months, have you

23    been treated for any mental or psychiatric condition?

24                 THE DEFENDANT:  Yes.

12:45:06 25                 THE COURT:  Are you today under the influence

1    of any drugs or alcohol or medication that might affect your

2    ability to understand what's going on?

3                    THE DEFENDANT:  No.

4                    THE COURT:  What mental or psychiatric

12:45:17  5    condition have you been treated for, sir?

6                    THE DEFENDANT:  Bipolar depression.

7                    THE COURT:  Are you taking medication now?

8                    THE DEFENDANT:  Yes.

9                    THE COURT:  Okay.

12:45:24  10        Do either counsel know of any reason why Mr. McClain

11    is not competent to enter a guilty plea today?

12                    MR. SULLIVAN:  No, Judge.

13                    MR. McGINTY:  Judge, I met with him yesterday,

14    met with him again this morning on the 12th floor.  He seems

12:45:37  15    in complete control of his faculties.

16                    THE COURT:  Mr. McClain, have you discussed

17    your decision to plead guilty carefully with Mr. McClain?

18                    THE DEFENDANT:  Yes.

19                    THE COURT:  And have you had a chance to ask

12:45:47  20    him any questions about it that you might have had?

21                    THE DEFENDANT:  Yes.

22                    THE COURT:  You understand you're proposing to

23    plead guilty to -- well, three counts.  The first count

24    charges that you inticed, harbored, or provided a person

12:46:20  25    knowing and in reckless disregard of the fact that that

1    person had not obtained the age of 18 years and would be

2    caused to engage in a commercial sex act.  The second count

3    charges that you did knowingly transport an individual who

4    had not obtained the age of 18 years; that is, a 16-year-old

12:46:40  5    girl, in interstate commerce from Ohio to Pennsylvania, with

6    intent that that 16-year-old girl engage in prostitution,

7    and the third count charges that you knowingly possessed a

8    cell phone that contained child pornography.

9        Mr. Sullivan, what are the maximum penalties for these

12:47:01 10    three counts, please?

11            MR. SULLIVAN:  Judge, the charges in Counts 1

12    and 2 --

13            THE COURT:  Oh, actually, I might have these.

14    If I'm not mistaken, 1 and 2 carry a mandatory minimum of

12:47:23 15    ten years up to a maximum of life in prison.

16            MR. SULLIVAN:  Yes.

17            THE COURT:  Count 3 carries a ten-year

18    maximum, both carry a potential life time supervised

19    release, with a five-year mandatory minimum period of

12:47:40 20    supervised release.  All three counts have a $250,000

21    maximum fine.  And, of course, they all have the $100

22    special assessment.  Did I get that right?

23            MR. SULLIVAN:  That's exactly right, Judge.

24            THE COURT:  Okay.  You understand all that,

12:47:51 25    Mr. McClain?

1               THE DEFENDANT:  Yes, your Honor.

2               THE COURT:  All right.

3      Without giving me any details of your discussions with

4  Mr. McGinty, have you discussed generally with him what the

12:48:00  5  Government's evidence against you would be if this case were

6  to go to trial?

7               THE DEFENDANT:  Yes.

8               THE COURT:  And again, without giving me any

9  details, have you discussed generally with him what, if any,

12:48:10 10  challenges or defenses you might have to the Government's

11  evidence?

12               THE DEFENDANT:  Yes.

13               THE COURT:  Again if this case were to go to

14  trial?  All right.

12:48:16 15      Are you satisfied with Mr. McGinty's representation of

16  you?

17               THE DEFENDANT:  Yes, your Honor.

18               THE COURT:  Has anyone threatened you or

19  pressured you in any way to get you to come in here today

12:48:25 20  and plead guilty?

21               THE DEFENDANT:  No, your Honor.

22               THE COURT:  Put another way, are you here

23  voluntarily because after discussing this with your lawyer

24  and maybe some family members, you've decided this is the

12:48:33 25  best thing to do under the circumstances?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  All right.

3      I just covered the maximum penalties with you.

4  Mr. Sullivan, you have a sense of what the advisory range

12:48:44  5  would be for Mr. McClain?

6          MR. SULLIVAN:  Judge, we've talked about it.

7  And we believe that Mr. McClain is going to be a Base

8  Offense Level of 30.  I believe that there will be an

9  enhancement added for two points for use of a computer,

12:49:04 10  another two points for commission of a sex act, which would

11  be a 34, and then I believe it is going to be, and this will

12  be subject of maybe some contention at the sentencing

13  hearing, may be an additional two or four points for role in

14  the offense, depending on how the probation assesses it and

12:49:23 15  how your Honor feels the evidence -- what it supports.  I

16  believe it could be anywhere from a 34 prior to acceptance

17  to a 38 prior to acceptance.

18          THE COURT:  Okay.

19      And then, Mr. McClain, you're eligible for a two-level

12:49:36 20  reduction for acceptance of responsibility, along with a

21  third level off for timely guilty plea, as long as the

22  Government makes that motion.  I expect Mr. Sullivan will.

23  So it looks like that's a 31 to a 35, depending on the role

24  in the offense of enhancements and your Criminal History

12:50:00 25  Category 5.  That much we know from the presentence report.

1          So if you want to look on the Guidelines chart, looks

2      like a 31, Category 5, is 168 to 210.  A 35/5 is 262 to 327.

3      You see that?

4                      THE DEFENDANT:  Yes, your Honor.

12:50:29  5                      THE COURT:  And those are ranges in months,

6      and there is no parole.  So you got 168 or 210 or 262

7      months.  Whatever that is, that's what you have to serve.

8      You understand that?

9                      THE DEFENDANT:  Yes, your Honor.

12:50:41 10                      THE COURT:  And again, these Guidelines are

11      only advisory.  I'm required to calculate the range

12      correctly and then consider it along with all the other

13      factors set out in the statute.  And I often give a sentence

14      within the advisory range, but sometimes I go above and

12:50:59 15      sometimes I go below.  You understand that?

16                      THE DEFENDANT:  Yes, your Honor.

17                      THE COURT:  But, in no event can your sentence

18      be below ten years or 120 months in prison.  You understand

19      that?

12:51:13 20                      THE DEFENDANT:  Yes, your Honor.

21                      THE COURT:  Now, I may have asked you this

22      before, but I want to do it again.  Sir, has anyone

23      pressured you or threatened you in any way to get you to

24      come in here today and plead guilty?

12:51:36 25                      THE DEFENDANT:  No, your Honor.

1        THE COURT:  Put another way, are you here

2   voluntarily because after discussing this with your lawyer

3   and maybe some family members, you've decided this is the

4   best thing to do under the circumstances?

12:51:47  5        THE DEFENDANT:  Yes, your Honor.

6        THE COURT:  And are you satisfied with your

7   lawyer's representations of you?

8        THE DEFENDANT:  Yes, your Honor.

9        THE COURT:  All right.

12:51:53 10      Do you understand, Mr. McClain, as you appear before

11  me this afternoon, you are presumed not guilty of all three

12  of these crimes?  You understand that?

13       THE DEFENDANT:  Yes, your Honor.

14       THE COURT:  And if you tell me, "Judge, I want

12:52:03 15  a trial," I'll set one as soon as Mr. Sullivan and Mr.

16  McGinty are ready to do it.

17      You understand that?

18       THE DEFENDANT:  Yes, your Honor.

19       THE COURT:  And at your trial, sir, you would

12:52:12 20  not have to prove your innocence.  Mr. Sullivan would have

21  the burden and obligation to present in open court, through

22  the sworn testimony of witnesses and through admissible

23  documents and physical evidence, proof meeting a very high

24  standard of beyond a reasonable doubt that you were in fact

12:52:29 25  guilty.  You understand that?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  And you would be entitled to a

3   lawyer at every single step of your trial.  And if you could

4   not afford one, I would provide one for you at Government

12:52:38  5   expense.  Do you understand that?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  And your lawyer, that's Mr.

8   McGinty, would have the right to challenge, to confront,

9   cross-examine all of the Government's evidence.  You

12:52:46 10  understand that?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  At the end of the Government's

13   case, sir, you would have the right but not the burden or

14   obligation, the right to put on a defense.  And that means

12:52:55 15   you could call witnesses and introduce documents and

16   physical evidence tending to show that you were not guilty

17   of these crimes.  You understand that?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  And if there was someone,

12:53:07 20   Mr. McClain, who you wanted to call as a witness, and that

21   person didn't want to come to court voluntarily, Mr. McGinty

22   would go downstairs to our Clerk's Office to get a subpoena.

23   A subpoena is simply a written command to someone to show up

24   at a specific time to be a witness.  And if there was

12:53:23 25   someone whom you had subpoenaed, and that person didn't show

1      up when he or she was supposed to be here, I would direct

2      one of our Deputy Marshals to go out and find that person

3      and bring that person into court so you could have your

4      defense.  Do you understand that?

12:53:35  5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Now, at your trial, sir, you would

7      have the absolute right either to testify or not to testify,

8      and it will be strictly your own decision to make.  You

9      understand that?

12:53:47 10              THE DEFENDANT:  Yes, your Honor.

11              THE COURT:  And if you chose to testify, you

12      would get on that witness stand over there to my right.  I

13      would give you an oath just like the one I gave you a few

14      minutes ago, and you would answer first Mr. McClain's

12:54:00 15      questions and then Mr. Sullivan's questions.  You understand

16      that?

17              THE DEFENDANT:  Yes, your Honor.

18              THE COURT:  And if you chose not to testify,

19      sir, no one could say a single word about the fact that you

12:54:06 20      chose not to testify.  Do you understand that?

21              THE DEFENDANT:  Yes, your Honor.

22              THE COURT:  If I accept your guilty plea

23      today, we won't have any of that, no trial witnesses,

24      documents, none of that.  You will be found guilty.  We'll

12:54:17 25      come back in two or three months for sentencing, and you

1    won't be able to stay, "Gee, I made a mistake.  I want a

2    trial."  You understand that?

3                    THE DEFENDANT:  Yes, your Honor.

4                    THE COURT:  All right.

12:54:26 5        Before I get to the factual basis, Mr. McGinty,

6    Mr. Sullivan, is there anything either of you feel I have

7    neglected to cover with Mr. McClain that I need to cover?

8                    MR. SULLIVAN:  Judge, I'm not sure -- did you

9    tell him that he may have to register as a sexual offender?

12:54:44 10                   THE COURT:  No, but that's a good point.

11   Thank you, Mr. Sullivan.

12        You will also certainly have to register as a sex

13   offender under SORNA.  It's the Sex Offender Registration

14   Notification Act.  And that will place additional certain

12:54:58 15   restrictions on your freedom when you're out on supervised

16   release.  You understand that?

17                   THE DEFENDANT:  Yes, your Honor.

18                   THE COURT:  Okay.  Anything else, Mr. McGinty?

19                   MR. McGINTY:  No, your Honor.

12:55:06 20                   THE COURT:  Okay.

21        Then lastly, Mr. McClain, I'm going to ask

22   Mr. Sullivan to place on the record the evidence he believes

23   he could prove to a jury beyond a reasonable doubt if this

24   case went to trial.  And when he's done, I'm going to ask

12:55:20 25   him if that's what you did.  Okay, Mr. Sullivan.

1          MR. SULLIVAN:  Thank you, Judge.

2          Judge, if this case were to go to trial, the

3     Government would prove on or about October, 2011, the

4     Defendant met a CC, a 16year-old female.  He knew or

12:55:37  5     disregarded the fact that CC had not obtained the age of 18

6     years.  From December -- excuse me -- and the Defendant met

7     her in Columbus.  He provided her with bus fair to come to

8     Cleveland for the purpose of engaging in prostitution.  Upon

9     her arrival in Cleveland, in or about October, November,

12:56:04 10     2011, she began to engage in prostitution activities in the

11     Northern District of Ohio.

12          The Defendant would transport her to hotels.  He would

13     arrange for the renting of the motel rooms.  He would take

14     some photographs of CC he posted online for advertising of

12:56:21 15     her prostitution services, and then he would take the money

16     from her when she was engaged in prostitution activities.

17          Between December 16, 2011 -- that was beginning in

18     November and carrying on through actually starting October,

19     carrying on through December of 2011.

12:56:40 20          Between December 16, 2011, and December 31, 2011, the

21     Defendant transported CC to Pittsburgh, Pennsylvania -- from

22     the Northern District of Ohio to the State of Pennsylvania

23     for the purpose of engaging in prostitution.

24          And additionally, lastly, Judge, on January 3, 2012, a

12:57:14 25     cell phone was seized from Mr. McClain, and on that

1    telephone were photos of CC, including photos of CC engaged

2    in sexual specific conduct that Mr. McClain possessed on his

3    cell phone.

4               THE COURT:  All right.  Thank you,

12:57:32  5    Mr. Sullivan.

6          Mr. McClain, is that what you did in this case?

7               THE DEFENDANT:  Yes, your Honor.

8               THE COURT:  All right.

9          Mr. McClain, I am satisfied based upon my

12:57:40  10   conversations with you today that you are competent to enter

11   a guilty plea, that you have come to this decision knowingly

12   and voluntarily, that you understand all of the rights you

13   have and the rights you are giving up by pleading guilty,

14   that you've got an understanding of how your sentence will

12:57:56  15   be determined, and that there's a factual basis.

16         You have admitted conduct, which tells me you're

17   guilty.  So what I'm telling you, sir, if you tell me you're

18   guilty, I will find you guilty.  You understand that?

19               THE DEFENDANT:  Yes, your Honor.

12:58:07  20               THE COURT:  Based upon everything I have said

21   and what Mr. McClain has said and what Mr. Sullivan has

22   said, how do you plead to all three counts of this

23   indictment?

24               THE DEFENDANT:  Guilty.

12:58:18  25               THE COURT:  I accept those pleas and I find

1        you guilty.

2            I'm referring this to the Probation Department for a

3        presentence report.  The officer will interview you, get

4        your version of the facts, research your education,

12:58:31 5   employment, family, financial background, obviously recheck

6        your criminal history a little bit, just done that, talk to

7        the Government, gets its version of the facts, and the

8        officer will prepare a draft of the report.

9            You should go over that carefully.  If you feel there

12:58:46 10  are any errors or inaccuracies, make those known.  The

11       Government has the same opportunity.  And then the officer

12       will prepare a final version of the report.  If there are

13       any objections to that, I'll need to decide those at

14       sentencing.

12:58:59 15      If both counsel are available, I'd like to do the

16       sentencing Friday, November 30th, at noon.

17                MR. McGINTY:  Judge, that's not Thanksgiving

18       week, is it?

19                THE COURT:  No, it's the following week, Bill.

12:59:17 20  So okay.  And, of course, the Government -- the Defendant

21       remains detained.  All right.

22           Anything further from the Government or the Defendant?

23                MR. SULLIVAN:  No.  Thank you, Judge.

24                MR. McGINTY:  Nothing, your Honor.  Thank you.

12:59:32 25               THE COURT:  Okay.  Thank you.  We are

1    adjourned then.

2             (Proceedings adjourned at 12:59 p.m.)

3                 C E R T I F I C A T E

4              I certify that the foregoing is a correct

5    transcript from the record of proceedings in the

6    above-entitled matter.

7

8

9

10   s/Shirle Perkins
     Shirle M. Perkins, RDR, CRR
11   U.S. District Court - Room 7-189
     801 West Superior Avenue
12   Cleveland, Ohio 44113
     (216) 357-7106
13

14

15

16

17

18

19

20

21

22

23

24

25